**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY VIALPANDO,

      Petitioner-Appellant,

v.

RICHARD SOARES and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 04-1230
(D.C. No. 99-M-1560)
(D. Colo.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

State prisoner Timothy Vialpando requests a certificate of appealability

("COA") to appeal the denial of his 28 U.S.C. § 2254 petition.[1]  For substantially

---

[1] Vialpando's petition was filed after April 24, 1996, the effective date of the
Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's
provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1
(10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  AEDPA
conditions a petitioner's right to appeal a denial of habeas relief under § 2254
upon a grant of a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only
if the applicant has made a substantial showing of the denial of a constitutional
right."  § 2253(c)(2).  This requires Vialpando to show "that reasonable jurists
could debate whether (or, for that matter, agree that) the petition should have
been resolved in a different manner or that the issues presented were adequate to
deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473,

(continued...)

the same reasons set forth by the district court, we **DENY** Vialpando's request for a COA and **DISMISS**.

Following a four day jury trial, Vialpando was convicted of sexual assault on a child and sexual assault in the first degree in Colorado state courts. His conviction was upheld on direct appeal. In 1989, Vialpando filed a pro se motion for post-conviction relief under Colorado Rule of Criminal Procedure 35(c), in which he alleged, among other errors, that his counsel was ineffective because he failed to personally interview the victim's mother, author of an exculpatory letter, and failed to offer her testimony at trial. Vialpando argued that the victim's mother would have testified that her daughter admitted to falsely accusing Vialpando, and that it was therefore professionally unreasonable for trial counsel not to call the mother as a witness. Vialpando also claimed that, notwithstanding any credibility questions the prosecution could have raised, there was a reasonable probability that if the victim's mother had been called, the result of the trial would have been different. Following a hearing on the motion for post-conviction relief in 1997 with appointed counsel, the district court denied relief.

---

[1](...continued)
484 (2000) (quotations omitted). Because the district court denied Vialpando a COA, he may not appeal the district court's decision absent a grant of COA by this court. Vialpando has contemporaneously filed an appeal of a separate habeas denial challenging his conviction for sexual assault on a child, No. 04-1229, which is the subject of an order on this same date.

The Colorado Court of Appeals ("CCA") affirmed the denial of Vialpando's request for Rule 35(c) relief, and the Colorado Supreme Court denied certiorari.

Under AEDPA, if a claim is adjudicated on the merits in state court, we will grant habeas relief only if that adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

In response to Vialpando's allegations of ineffective assistance of counsel, the district court denied relief because Vialpando failed to demonstrate that the CCA applied the wrong legal standard, or that its decision was based on an unreasonable determination of facts in light of the evidence presented at the state court proceeding. We agree with the district court's conclusion.[2] In evaluating the ineffective assistance of counsel claim in collateral state court proceedings, both the trial court and CCA identified and applied the two-part test announced in

---

[2] Vialpando also asserts that the district court abused its discretion in failing to hold an evidentiary hearing. Although a hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," § 2255, we will not disturb the trial court's decision unless we have a "definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir. 1991). After a review of the record, we have no such conviction.

Strickland v. Washington, 466 U.S. 668 (1984), and concluded that the decision not to personally interview the victim's mother, or call her as a witness was purely a tactical decision. This conclusion was based in part on the trial court's evaluation of the letter upon which Vialpando's claim was based:

> any experienced trial lawyer . . . taking a good look at [the letter] would view this witness – potential witness, [the victim's mother], as a serious problem. I mean there's enough ammunition in here for cross-examination for someone to spend, I suppose, a day or two on, if they really wanted to press it. In any event, this is a purely tactical decision, which the Court finds to be a perfectly adequate basis. I mean you can tell from reading this letter that this person would be a disaster on the witness stand. I can figure that much out without ever having laid eyes on her. In any event, that decision is purely a tactical one, within the purview of the defense counsel, and not a decision to be made by the client.

The district court found no error in the state courts' application of Strickland. Because we do not discern an unreasonable determination of facts or an unreasonable application of the standards for determining ineffectiveness of counsel in the state courts' evaluation of this claim, we agree.

After careful review of Vialpando's application, the district court's order denying relief, and the material portions of the record on appeal, and after according the appropriate deference due under AEDPA, we conclude that Vialpando's claims are without merit. Accordingly, Vialpando has failed to make "a substantial showing of the denial of a constitutional right." § 2253(c)(2).

Vialpando 's application for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge